IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAURICE LAND, | § | |
| | § | No. 80, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1408007675A |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 21, 2019
Decided: August 22, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

### **ORDER**

This 22nd day of August 2019, it appears to the Court that:

(1) The State convicted the appellant, Maurice Land, of Robbery in the First Degree, among other charges.[1] His conviction stems from the robbery of a Dollar General in Georgetown. On the evening of August 9, 2014, two men entered the store, and one man—wearing a black hat and a t-shirt with the word "Security" on the back—proceeded to the store's office and robbed the clerk at gunpoint. The store's surveillance system captured the robbery, and Land—matching the

---

[1] *See Land v. State*, 2017 WL 443700, at *1, 154 A.3d 590 (Del. 2017) (TABLE) (noting that a jury found Land "guilty of Robbery First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy Second Degree, Theft, Tampering with Physical Evidence, and Resisting Arrest").

description of the thief and wearing a t-shirt with the word "Security" on the back—was arrested, along with two co-conspirators, about a quarter of a mile from the Dollar General shortly after the robbery occurred. The State tried Land and his co-conspirators together.[2] At trial, the evidence of Land's guilt was overwhelming: Dollar General's surveillance system captured Land committing the robbery,[3] police arrested Land near the crime scene wearing the same shirt as the thief,[4] and the Dollar General clerk identified Land as the assailant.[5] The jury thus found Land and his co-conspirators guilty,[6] and this Court affirmed Land's conviction on direct appeal.[7]

(2)     Land then moved for postconviction relief, arguing that that his trial counsel's failure to move to sever his case from his co-conspirators' cases constituted ineffective assistance of counsel entitling him to a new trial. The Superior Court disagreed, denied the motion, and held that "[t]rial counsel was not ineffective for failing to file a motion to sever" because that motion would have been denied, and in any event, Land was not prejudiced because "[a] separate trial would

---

[2] *Land v. State*, 2019 WL 337914, at *1–2 (Del. Super. Ct. Jan. 24, 2019).

[3] *Id.* at *4 ("Land was captured on the store video robbing the store employee.").

[4] *Id.* ("Land was seen running away with his co-defendants only minutes after he committed the robbery. Land was captured wearing the same shirt, hat and glasses that he was wearing in the store video."); *see also* App. to Opening Br. at A432–37 (Trial Testimony of Corporal Joel Diaz (Oct. 12, 2015)) (testifying that Land fit the description of the suspect).

[5] *Land*, 2019 WL 337914, at *4 ("The store employee identified Land at trial as the person who robbed her."); *see also* App. to Opening Br. at A499–504 (Trial Testimony of Laurie Brown (Oct. 12, 2015)) (identifying Land as the thief).

[6] Opening Br. at 4; App. to Opening Br. at A1042–52 (Trial Transcript (Oct. 15, 2015)).

[7] *Land v. State*, 2017 WL 443700, 154 A.3d 590 (Del. 2017) (TABLE).

have made no difference" due to the "overwhelming evidence" of guilt.[8] On appeal, Land only argues that the Superior Court erred in holding that his counsel was not ineffective for failing to move to sever his trial from his codefendants.[9] We agree with the Superior Court and affirm.

(3) "Under *Strickland v. Washington*, a petitioner seeking postconviction relief on the basis of ineffective assistance of counsel must show that (1) his counsel's performance 'fell below an objective standard of reasonableness' . . . and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10] Land cannot satisfy either prong.

(4) Land's counsel was not ineffective by failing to move to sever because "[c]ounsel need not . . . present a meritless argument or defense."[11] Had Land's counsel moved to sever, the Superior Court would have weighed four factors: "(i) any problems involving a codefendant's out-of-court statements; (ii) an absence of substantial independent competent evidence of one codefendant's guilt; (iii)

---

[8] *Land*, 2019 WL 337914, at *6.
[9] Below, Land also claimed that his "trial counsel was ineffective for eliciting testimony about a string of robberies that occurred in Baltimore" and "because he failed to raise more than one issue on appeal." *Id.* at *6–7. The Superior Court also rejected those claims. *Id.* But on appeal, Land does not raise those claims and they are therefore waived. Del. Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").
[10] *Baynum v. State*, -- A.3d --, 2019 WL 2277804, at *4 (Del. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 694–97 (1984)).
[11] 22A C.J.S. Criminal Procedure and Rights of Accused § 743 (citations omitted).

antagonistic defenses between the codefendants; and (iv) the difficulty in segregating the State's evidence between the codefendants."[12] As the Superior Court found, and Land's brief effectively concedes, only the third factor is germane to this case.[13] But the third factor—whether defenses are antagonistic—requires severance only when the different defenses require the jury "to believe one co-defendant's version of events [and] to disbelieve the other's."[14] That was not the case here. Rather, Land's co-defendants' trial strategy rested on reiterating that they did not actually commit the robbery, in an effort to avoid the conspiracy charges.[15] Although this defensive strategy required Land's co-conspirators to remind the court that there was no evidence that they committed the robbery (an implicit argument that someone else, possibly therefore Land, committed the robbery), Land's co-

---

[12] *Taylor v. State*, 2016 WL 5899236, 149 A.3d 241 (Del. 2016) (TABLE) (citing *Ayers v. State*, 97 A.3d 1037, 1042 (Del. 2014)).

[13] *Land*, 2019 WL 337914, at *4–5. Land's brief discusses only the third factor and does not dispute the Superior Court's findings that the other three factors were inapplicable in this case. *See* Opening Br. at 14–15.

[14] *Floudiotis v. State*, 726 A.2d 1196, 1213 (Del. 1999).

[15] *See, e.g.*, App. to Opening Br. at A993 (Closing Argument (Oct. 15, 2015) ("So somehow, from that situation, Booker Martin is charged with robbery . . . . I'm not sure how that happens, but the government's theory is, based on Corporal Diaz's assessment, Mr. Martin was with the robbery suspect on Albury. So he must have been involved in the prior robbery at the Dollar General as a conspirator. Okay. So that's the theory. Now what's the evidence? Crickets. To the contrary, you have a video—a video recording of the robbery. And you see the robber on that video, but who you don't see is Booker Martin."); *id.* at A1007–08 ("The video camera is on this man with the black security shirt from the time that he walks out of that back office until the time that he leaves. That State's theory—and you just had the State say it in their closing argument—is that Mr. Clay was a lookout inside the store for Maurice Land. A lookout inside the store. What does Mr. Clay do on this video inside the store? Because that is the evidence. Nothing. He walks into the store and he does so at a time where the person that robs the store is right behind him . . . .").

4

defendants never suggested or argued that Land committed the robbery, and their strategy did not require the jury to accept that Land committed the robbery. And Land's co-defendants' strategy did not conflict with Land's trial strategy of arguing that someone else committed the robbery.[16] That is, the jury could have accepted Land's defense—that someone other than Land committed the robbery—and still found that his co-defendants' actions did not provide aid to the true thief. After all, there was no dispute in the case that someone robbed the store. Therefore, Land's co-defendants' strategy was not antagonistic, severance was not warranted, and Land's counsel was thus not ineffective for failing to move to sever.

(5)     But even if Land's counsel was ineffective, Land's claim fails on *Strickland*'s second prong—"show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[17] Under *Strickland*, "[a] reasonable probability is a probability sufficient to undermined confidence in the outcome."[18] "Although this objective inquiry is not mathematically precise, it requires finding prejudice when there is a substantial likelihood—i.e., a meaningful chance—that a different outcome would have

---

[16] *Land*, 2019 WL 337914, at *3 ("Land's defense was that he was not the person on the video."); *see also* App. to Opening Br. at A981 (Closing Argument (Oct. 15, 2015)) (arguing that no one could identify the person in the Dollar General surveillance video, that it might not be Land, and that the jury should therefore acquit).

[17] *Strickland*, 466 U.S. at 694.

[18] *Id.*

occurred but for counsel's deficient performance."[19] Given the overwhelming evidence of Land's guilt, Land has not shown that there was a meaningful chance of a different outcome if the trials had been severed.[20]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[19] *Baynum v. State*, -- A.3d --, 2019 WL 2277804, at *6 (Del. 2019).

[20] In passing, Land's brief to this Court argues that his counsel was also ineffective for failing to move for a mistrial because Land's co-defendants' trial strategy—reminding the jury that Land's co-defendants did not rob the store—prejudiced him and warranted a mistrial. *See* Opening Br. at 11. That claim is substantively similar to Land's claim that his trial counsel was ineffective for failing to move to sever, and we also reject this claim for the same reasons we have articulated as to his primary claim.